**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                     **CRIMINAL ACTION NO. 3:12-CR-57-1
CIVIL ACTION NO. 3:12-CV-125
(JUDGE GROH)**

**LOREN CONSTANTINE BROWN**,

    Defendant,

**PRINCESS LONGMORE BROWN**,

    Claimant.

**MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION
FOR SUMMARY JUDGMENT IN CRIMINAL FORFEITURE PROCEEDING AND
MOTION FOR SUMMARY JUDGMENT IN CIVIL FORFEITURE PROCEEDING**

Plaintiff United States of America ("Government") filed a Motion for Summary Judgment in the Criminal Forfeiture Proceeding [Doc. 192], Criminal Action No. 3:12-cr-57-1, and a Motion for Summary Judgment in the Civil Forfeiture Proceeding [Doc. 17], Civil Action No. 3:12-cv-125, on March 27, 2013. The Claimant, Princess Longmore Brown, is proceeding *pro se*. Therefore, on March 28, 2013, the Court sent Claimant a *Roseboro* notice advising Claimant of her right to file responsive material, including counter-affidavits, and to alert her to the fact that her failure to so respond might result in the entry of summary judgment against her. **Davis v. Zahradrich**, 600 F.2d 458, 460 (4th Cir. 1979); **Roseboro v. Garrison**, 528 F.2d 309, 310 (4th Cir. 1975). Claimant was ordered to file her Response within thirty days from the date of the *Roseboro* notice. On April 26, 2013, Claimant filed

1

her Response. On May 10, 2013, Government filed its Reply. For the following reasons, this Court **GRANTS** Government's Motion for Summary Judgment in the Criminal Forfeiture Proceeding [Crim. Doc. 192] and Government's Motion for Summary Judgment in the Civil Forfeiture Proceeding [Civ. Doc. 17].

## I. FACTS

Claimant immigrated to the United States from Jamaica in 1975, and she resides in Maryland. Defendant Brown and Claimant began dating in 2000, when Claimant was visiting family in Jamaica. Claimant traveled to Jamaica frequently to visit Defendant Brown and left him her checkbook, as well as sent him money via Western Union from the United States. Claimant and Defendant Brown married in Jamaica in 2001. In 2002, Defendant Brown immigrated to the United States to live with Claimant in Maryland.

During their marriage, Claimant and Defendant Brown, on several occasions, temporarily separated and reunited. In late 2003 or early 2004, Defendant Brown temporarily left the marital home and resided elsewhere. After the last reconciliation in 2003, Defendant Brown permanently left the home in late 2005. In May 2006, Claimant filed for divorce. In March 2007, a final divorce decree was granted.

On July 25, 2012, Loren Constantine Brown ("Defendant Brown"), Claimant's ex-husband, and others were charged in the Indictment in *United States v. Loren Constantine Brown, a/k/a "Jamaica,"* Criminal Action No. 3:12-cr-57, in the Northern District of West Virginia, with various violations of the Controlled Substances Act. The Indictment contained a forfeiture allegation providing notice of the Government's intent

2

to seek forfeiture of property used or intended to be used to commit or to facilitate the commission of violations of the Controlled Substances Act, and any property derived from proceeds obtained as a result of such offense.

The forfeiture allegation sought a money judgment in the amount of $225,000, as well as other items. Pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)(1), the Government specifically named substitute property it intended to forfeit in the event that property subject to direct forfeiture, namely the money judgment of $225,500 was unavailable due to any act or omission of the defendants. The substitute property included:

1. One 2003 Chevrolet Impala, VIN 2G1WF52E039105400, bearing Maryland registration number 9AS5281;
2. One 2007 Chevrolet Avalanche, VIN 3GNFK12Y67G271025, bearing Maryland registration number 08V253;
3. One gold-in-color watch with gold-in-color watchband;
4. One gold-in-color bracelet bearing the name "Brown";
5. One gold-in-color necklace bearing a gold-in-color cross emblem;
6. Three gold-in-color rings bearing diamond-like stones; and
7. One gold-in-color ring bearing the letter "B".

On August 30, 2012, Defendant Brown executed a plea agreement agreeing to forfeit to the United States all of the listed substitute property. In the plea agreement, Defendant Brown stipulated the property constituted, or was derived from, proceeds obtained directly or indirectly as a result of his violations of the Controlled Substances Act, or was used to commit and facilitate such violation. On September 13, 2012, the

3

Court entered and accepted Defendant Brown's guilty plea to one count of violating 21 U.S.C. § 841(a)(1).

The Government moved for the entry of a Preliminary Order of Forfeiture, which was granted. Notice of the forfeitures were made with information on how to file claims to any of the property. Claimant made claims in both 3:12-cr-57-1 and 3:12-cv-125.

There are two separate proceedings for the return of the seized property. Claimant's Petition to recover the jewelry items proceeds under the criminal forfeiture statute, 21 U.S.C. § 853. The 2003 Chevrolet Impala proceeds under the civil forfeiture statute, 18 U.S.C. § 981. Civil forfeiture is an *in rem* proceeding, while criminal forfeiture is an *in personam* proceeding. However, the district court may hear both matters at the same time because the civil forfeiture action and the criminal forfeiture action are related and substantial savings of judicial resources would result by allowing both matters to proceed before the same court. **United States v. Astra Motor Cars**, 352 F. Supp. 2d 370 (E.D.N.Y. 2005); *see also* **United States v. Dunn**, 802 F.3d 646 (2nd Cir. 1986), c*ert den.*, 107 S. Ct. 1568 (1986) (holding that remedies of criminal forfeiture under 21 U.S.C. § 852 and civil forfeiture under 21 U.S.C. § 881 are not mutually exclusive). Accordingly, this Court will first address the civil forfeiture proceeding and then turn to the criminal forfeiture proceeding.

## II. CIVIL FORFEITURE

*United States v. One 2003 Chevrolet Impala, VIN 2G1WF52E039105400, et al.*

### A. Procedural History

On October 17, 2012, the Government filed a Verified Complaint for Forfeiture *In*

*Rem* of two vehicles: a 2003 Chevrolet Impala, VIN 2G1WF52E039105400, and a 2007 Chevrolet Avalanche, VIN 3GNFK12Y67G271025. The Government's Verified Complaint alleged that the two vehicles were subject to forfeiture pursuant to 21 U.S.C. § 881, because they were used to facilitate the transportation, sale, receipt, possession, and/or concealment of controlled substances, specifically for some of the controlled purchases made from Defendant Brown in the investigation. The Government initiated this civil forfeiture action because it was determined that Claimant may have a putative interest in the vehicles.

On November 13, 2012, Claimant filed a petition for the return of seized properties in Civil Action No. 3:12-cv-125, seeking the return of the 2003 Chevrolet Impala. In that petition, Claimant alleged that she was the sole title owner of the 2003 Chevrolet Impala. On November 28, 2012, the Court set an evidentiary hearing on the petition. Subsequently, the Court authorized the Government to conduct discovery and permitted Claimant additional time to amend her petition to correct procedural defects. On January 23, 2013, Claimant filed an Amended Petition. The Court authorized the parties to participate in discovery, and the Government engaged in discovery through submitting interrogatories to and deposing Claimant.

    **B.    Legal Standard**

The standards for summary judgment in civil forfeiture actions are based on the parties' respective burdens of proof at trial. First, the claimant bears the burden of proving that she has standing to contest the forfeiture. Second, the Government must prove only by a preponderance of the evidence that the property is subject to forfeiture. Last, the claimant has the burden of proving that her interest in the property should not

be forfeited because she is a valid "innocent owner."

As a threshold matter in civil forfeiture proceedings, a claimant must have standing, and the claimant opposing forfeiture bears the burden of establishing both constitutional and statutory standing. *See **United States v. Munson***, 477 Fed. Appx. 57, 62 (4th Cir. 2012). To establish Article III standing, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *Id.* (citations omitted).

A claimant must also satisfy statutory standing requirements as a threshold issue. *See **United States v. $38,000.00 Dollars in United States Currency***, 816 F.2d 1538, 1544 (4th Cir. 1987). To satisfy the statutory standing requirements, a claimant must comply with the procedural requirements for bringing a claim under the applicable federal forfeiture statutes and the Supplemental Rules. *Id.* at 1544-45.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* **FED. R. CIV. P. 56.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

Once the claimant successfully asserts Article III and statutory standing, the Government has the initial burden of demonstrating the "absence of a genuine issue of material fact–that is, taking all the evidence in the light most favorable to the claimant, has the government shown that no reasonable jury could award the property to the claimant?" ***United States v. Four Parcels of Real Property***, 941 F.2d 1428, 1439 (11th Cir. 1991); see ***United States v. Leak***, 123 F.3d 787, 793 (4th Cir. 1997). To satisfy its initial burden, the Government may establish for the Court specific portions of the record which it believes demonstrate that the "claimant cannot show by a preponderance of the evidence that [s]he is entitled to the property." *Id.* The Government can also meet its burden by "introducing evidence negating the claimant's case." *Id.*

After the Government establishes forfeitability, the burden shifts to the claimant to prove, through credible evidence, that there is an actual issue of material fact, and that the claimant is entitled to the property. *Id.* at 463. The claimant, as the party opposing summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. **FED. R. CIV. P. 56**; ***Celotex***

*Corp.*, 477 U.S. at 323-25, 166 S. Ct. at 2552-54; *Anderson*, 477 U.S. at 248; 106 S. Ct. at 2510. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249; 106 S. Ct. at 2511 (citations omitted).

    C.    Analysis

The Government moves for summary judgment arguing that Claimant has failed to follow the procedural rules and therefore lacks statutory standing. The Government contends that Claimant was given additional time to comply with Rule G(5) and file a proper Answer; however, Claimant has still failed to do so. In Claimant's response, she argues that her Amended Petition should have satisfied the Answer requirements.

The Fourth Circuit Court of Appeals recognizes that "[i]n addition to establishing Article III standing, claimants also must satisfy applicable statutory standing requirements. Thus . . . statutory standing also is a threshold issue." *$38,000.00 Dollars in U.S. Currency*, 816 F.2d at 1544. The Supplemental Rules "must be strictly enforced." *United States v. $ 12,914.00 in United States Currency*, 828 F. Supp. 2d 822, 824 (D. Md. 2011) (citation omitted). "Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter." *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991).

Supplemental Rule G(5) provides that a person who is contesting the forfeiture may file a claim in the court where the action is pending, and the claim must (1) identify the specific property claimed; (2) identify the claimant and state the claimant's interest in the property; (3) be signed by the claimant under penalty of perjury; and, (4) be served

8

on the government attorney designed under Rule G(4)(a)(ii)(C) or (b)(ii)(D). **Supp. R. G(5)(a)(I)**; *see also* **18 U.S.C. § 983(a)(4)** ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the [Supplemental Rules]"). After filing the claim, a claimant must then serve and file an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure "within 21 days after filing the claim." **Supp. R. G(5)(b)**. "Without filing a claim and an answer in a timely manner and under the proper procedures set forth in the Supplemental Rules a potential claimant lacks statutory standing to assert his or her claim." *United States v. $25,790 U.S. Currency*, Civil Action No. AW-09-3283, 2010 WL 2671754, *2 (D. Md. 2010).

In this case, the Court, in its discretion, allowed Claimant additional time to perfect her claims and gave her instructions on how to comply with the statutory procedural requirements set forth in Supplemental Rule G(5). Although Claimant corrected part of her original Petition by signing the Amended Petition under penalty of perjury by swearing before a notary, Claimant failed to properly state her interest in the property. Claimant made only the following bare assertion of ownership, "Claimant is the sole title owner of the said 2003 Chevrolet Impala." It is undisputed that this is the only statement of ownership in Claimant's Amended Petition. Claimant's sole statement is too broad to establish ownership. To validly establish an interest in the property, Claimant must state how and where she acquired the vehicle, including, but not limited to, the person from whom she received it, the date of the receipt, the place of the receipt, and a description of the transaction which established her ownership. *See*

9

*United States v. $134,750 in United States Currency*, 2010 WL 1741359) (D. Md. 2010).

Moreover, it is undisputed that Claimant did not file an Answer. She did not request an extension, and in her Response, she asserts that the Amended Petition should also serve as her Answer. However, Supplemental Rule 5 provides that a Claimant must file their claim and an Answer to the Government's Verified Complaint. **Supp. R. 5(G)(a)-(b)**. Because Claimant has failed to submit an Answer months after the deadline, the Court **FINDS** Claimant lacks statutory standing. The Court will not analyze whether Claimant is an innocent owner because Claimant lacks statutory standing and she failed to raise or plead the innocent owner affirmative defense in an Answer. *See* **United States v. One Tyrannosaurus Bataar Skeleton**, No. 12 Civ. 4760 (PKC), 2012 WL 5834899, *7 (S.D.N.Y. Nov. 14, 2012) (recognizing that the innocent owner defense is an affirmative defense). Accordingly, the United States' Motion for Summary Judgment on the Civil Forfeiture Proceeding is **GRANTED** and Claimant's Amended Petition for the Return of Seized Properties for the 2003 Chevrolet Impala[1] is **DISMISSED WITH PREJUDICE**.

---

[1] Claimant also failed, although given a second chance to do so, to delete the items subject to criminal forfeiture from the Petition and Amended Petition for the Return of Seized Properties in the Civil Forfeiture Action. Therefore, the Court notes that the above-described jewelry is not subject to the civil forfeiture action.

## III. CRIMINAL FORFEITURE

***United States v. Loren Constantine Brown, a/k/a "Jamaica"*, 3:12-CR-57-1**

### A. Procedural History

On October 10, 2012, this Court entered a Preliminary Order of Forfeiture as a result of Defendant Brown's guilty plea to the offense of violating the Controlled Substances Act, specifically 21 U.S.C. § 841. The Preliminary Order of Forfeiture forfeited to the Government the jewelry items[2] because Defendant Brown stipulated in his plea agreement that the jewelry was property constituting, or derived from, proceeds obtained from his violation of the Controlled Substances Act offense of conviction, or was used, or intended to be used, to commit or to facilitate such violation, which was in his possession or his co-defendant's possession at the time of its seizure.

The Government commenced the criminal forfeiture proceeding by sending notice to the Claimant, which she received on October 19, 2012. Claimant filed her Petition on November 13, 2012. The Court granted Claimant additional time to amend her petition, and she filed an Amended Petition on January 23, 2013. On March 14, 2013, the Government deposed Claimant with respect to both the civil and criminal forfeiture actions.

### B. Legal Standard

Criminal forfeitures are governed by Rule 32.2 of the Federal Rules of Criminal Procedure and by the applicable forfeiture statute relating to the crimes of conviction. In

---

[2] (1) One gold-in-color watch with gold-in-color watchband; (2) one gold-in-color bracelet bearing the name "Brown"; (3) one gold-in-color necklace bearing a gold-in-color cross emblem; (4) three gold-in-color rings bearing diamond-like stones; and (5) one gold-in-color ring bearing the letter "B".

this case, 21 U.S.C. § 853 governs the forfeiture claim as Defendant Brown's offense of conviction arises under the Controlled Substances Act.

Although summary judgment is not applicable in criminal cases, Federal Rule of Criminal Procedure 32.2(c) allows the Court to "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure . . . [w]hen discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." **FED. R. CRIM. P. 32.2 (C)(1)(B)**. Therefore, in reviewing the parties' summary judgment motions, the Court applies the same standard of review that would be applied in a civil case. *See* **United States v. Bailey**, Criminal No. 1:11-cr-00010-MR-DLH, 2013 WL 677973, __ F. Supp. 2d __ (W.D.N.C. Feb. 25, 2013) (citing **United States v. Corpus**, 491 F.3d 205, 208-09 (5th Cir. 2007)).

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* **FED. R. CIV. P. 56.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp.**, 477 U.S. at 322; 106 S. Ct. at 2552. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson**, 477 U.S. at 248; 106 S. Ct. at 2510. Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250; 106 S. Ct. at 2511.

The claimant, as the party opposing summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Zenith Radio Corp.***, 475 U.S. at 586; 106 S. Ct. at 1356. That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. **FED. R. CIV. P. 56**; ***Celotex Corp.***, 477 U.S. at 323-25; 166 S. Ct. at 2552-54; ***Anderson***, 477 U.S. at 248; 106 S. Ct. at 2510. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249; 106 S. Ct. at 2511 (citations omitted).

The standards for summary judgment are based on the parties' respective burdens of proof at trial. First, the claimant bears the burden of proving that she has standing to file a claim contesting forfeiture. Second, the claimant bears the burden of proving that she either had superior right, title, or interest in the property at the time the crime occurred, or that she was a bona fide purchaser for value without cause to know that the property was subject to forfeiture.

### C. Analysis

The Government argues that it is entitled to summary judgment because Claimant lacks both statutory and constitutional standing to contest the forfeiture. Claimant argues that the jewelry worn by Defendant Brown belongs to her two minor daughters and that simply because Defendant Brown wore the jewelry does not constitute his ownership of the jewelry. Claimant also alleges she had a verbal contract with Defendant Brown providing he could wear them, but that she had the power to

13

recall the jewelry at any time.

### 1. Statutory Standing

As stated above, the applicable forfeiture statute governing Claimant's claim is 21 U.S.C. § 853. Section 853(n) provides that a Claimant's petition "shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Additionally, the claimant should provide sufficient detail regarding her alleged interest in the property. *See* **United States v. Ginn**, 799 F. Supp. 2d 645, 647 (E.D. La. 2010).

In this case, Claimant's Amended Petition simply asserts that she owns the jewelry. It is undisputed that in Claimant's Amended Petition, she does not state any details regarding how she owns the jewelry or came into ownership of it. Additionally, Claimant did not have possession of the jewelry, as it was being worn by her ex-husband Defendant Brown or his girlfriend and co-defendant Crystal Metz. Petitioner does not state the time she acquired the jewelry, either. In sum, Claimant has failed to provide any details regarding her alleged ownership interest in the jewelry. Instead, Petitioner makes only a bald assertion that she owns the jewelry items. Therefore, Claimant lacks statutory standing.

### 2. Constitutional Standing

The Fourth Circuit Court of Appeals emphasized that the "touchstone for standing is the possession of a legal interest in the forfeited property." **United States v. Oregon**, 671 F.3d 484, 490 (4th Cir. 2012). Pursuant to 21 U.S.C. § 853(n)(2), "any

14

person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States may, . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property. Although the forfeiture issue is a matter of federal law, the courts refer to state law in determining whether a petitioner has a legal interest in forfeited property." ***Oregon***, 671 F.3d at 490.

In this case, Maryland law applies to determine whether Claimant has a legal interest in the jewelry as Claimant allegedly purchased the jewelry in the state of her domicile or allegedly sent money to Defendant Brown to purchase the jewelry from Maryland. First, Claimant has failed to provide receipts as proof of purchase for any piece of jewelry subject to forfeiture. Second, Claimant did not maintain possession of the property because it was constantly in the possession, dominion, and control of Defendant Brown.

Last, even if Claimant did purchase the jewelry, then Claimant made a valid inter vivos gift of the jewelry to Defendant Brown and does not possess a legal interest in the jewelry. In Maryland, to create an inter vivos gift, the donor must intend to transfer the property, and in addition there must be a delivery transferring the donor's dominion over the property without power of revocation or retention of dominion over the subject of the gift, as well as acceptance by the donee. ***Brewer v. Brewer***, 165 Md. App. 1, 846 A.2d 1 (Md. App. 2004).

Claimant admits that the jewelry was purchased by her and transferred to Defendant Brown. The Government provided evidence from photographs and statements from Claimant's deposition to show that Claimant delivered the jewelry to

15

Defendant Brown, and he maintained sole possession and control over the jewelry. Defendant Brown accepted the jewelry, he wore it on many occasions, as evidenced by the photographs, he wore the jewelry on the date of his arrest, and the jewelry was in his dominion, possession, and control even five years after his divorce from Claimant. Claimant has failed to come forward with affidavits or other evidence demonstrating that she had a power to recall the jewelry based on a verbal agreement with Defendant Brown. Claimant provides no details regarding the agreement and no proof evidencing the agreement. In fact, Claimant admitted that the ownership of the jewelry was never included in their divorce decree or property settlement. Although Claimant asserts she had the power to recall the jewelry, the evidence she presents is merely colorable and not significantly probative. Claimant also states that jewelry items belong to Defendant Brown's minor children based upon the same undocumented agreement. However, absent proof of a valid will, "rights of prospective heir do not vest until the death of the intestate decedent." **United States v. Miscellaneous Jewelry**, 667 F. Supp. 232, 247 (D. Md. 1987), *aff'd*, 889 F.2d 1317 (4th Cir. 1989). Therefore, Claimant has failed to meet her burden of proving that she has standing to file a claim contesting forfeiture.

Accordingly, Claimant lacks statutory and constitutional standing to challenge the criminal forfeiture, and the United States' Motion for Summary Judgment on the Criminal Forfeiture Proceeding is **GRANTED** and Claimant's Amended Petition for the Return of Seized Properties for the 2003 Chevrolet Impala[3] is **DISMISSED WITH**

---

[3] Claimant also failed, although given a second chance to do so, to delete the items subject to criminal forfeiture from the Petition and Amended Petition for the Return of Seized Properties in the Civil Forfeiture Action. Therefore, the Court notes that the above-described jewelry is not subject to the civil forfeiture action.

**PREJUDICE**.

## IV. CONCLUSION

In summary, for the reasons discussed above, the Court **GRANTS** Government's Motion for Summary Judgment in the Criminal Forfeiture Proceeding [Doc. 192], Criminal Action No. 3:12-cr-57-1, and **GRANTS** Government's Motion for Summary Judgment in the Civil Forfeiture Proceeding [Doc. 17], Civil Action No. 3:12-cv-125. Accordingly, Claimant's Amended Petition [Doc. 118] in Criminal Action No. 3:12-CR-57-1 is **DENIED** and **DISMISSED WITH PREJUDICE** and Claimant's Amended Petition [Doc. 7] in Civil Action No. 3:12-CV-125 is **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that this case be **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

**DATED:** May 14, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE